UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re TRAVIS. | Case No. 22-cv-04199-HSG<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, an inmate at Salinas Valley State Prison, has filed a *pro se* action pursuant to 42 U.S.C. § 1983. HIs complaint (Dkt. No. 8) is now before the Court for review under 28 U.S.C. § 1915A. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

## DISCUSSION

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

1   While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,

2   the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

3   A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a

4   cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

5   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a

6   right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

7   violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487

8   U.S. 42, 48 (1988).

**B.   Complaint**

The complaint will be dismissed with leave to amend because it does not name any defendants.  Also, it is unclear how Plaintiff's constitutional rights were violated.  Plaintiff makes references to sexual harassment by doctors, his legal mail being opened and read by prison officials, and his property being stolen.  However, he does not identify the individuals who took these actions and what federal constitutional or statutory right was violated.  Plaintiff seeks transfer to a Level 2 facility and compensation for the lost property and the harm suffered.  He alleges that he has been through emotional stress and pain because the events have caused him to recall things that happened to him when he was a little kid and when he was molested.  *See generally* Dkt. No. 8.

In preparing an amended complaint, Plaintiff should identify what constitutional or federal right was violated, and identify by name the individual that violated that right.  Plaintiff need not provide a lengthy statement, but should provide sufficient detail to give the defendant fair notice of the legal claim.  For example, Plaintiff could identify by name the individual that violated his constitutional rights, specify the date and time of the violation, and describe briefly what happened that violated his constitutional rights.

Plaintiff has filed numerous letters in the docket, informing the Court that correctional officers are damaging his packages and poisoning his foodstuffs; that a doctor has sexually assaulted him three times; that his mom has been prevented from visiting him; that he is improperly housed at SVSP where two of his victims work; that he has been assaulted resulting in

injury to his left leg; that he has been unable to receive treatment for a hole in his left leg; that on August 26, 2022, Lt. Gomez had staff beat him up, resulting in a fractured ribcage and both wrists being swollen; that the CDCR has improperly taken his stimulus money; that staff have falsely informed other inmates that he is no good, a weirdo, and a child molester; that he is incorrectly housed on a Level 3 yard despite being Level 2; and that his life is at risk if he is sent back to the yard where he was previously victimized. Dkt. Nos. 1, 5, 7, 15, 16. Plaintiff has also filed documents with the Court that he alleges supports his claims. *See, e.g.*, Dkt. Nos. 5, 6. The Court cannot take action or grant relief based on claims made in miscellaneous letters. In order for this action to proceed, Plaintiff must file an amended complaint that specifies constitutional violations that he has suffered, identifying the person who committed the constitutional violation and when the constitutional violation took place. All of Plaintiff's claims must be set forth in the amended complaint. The Court cannot and will not piece together claims and defendants from various pleadings.

## CONCLUSION

For the foregoing reasons, the Court orders as follows. The Court DISMISSES the complaint with leave to amend. Within twenty-eight (28) days of the date of this order, Plaintiff shall file an amended complaint that addresses the identified deficiencies. The amended complaint must include the caption and civil case number used in this order, Case No. C 22-04199 HSG (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. An amended complaint completely replaces the previous complaints. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012). Accordingly, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue, and may not incorporate material from the prior complaint by reference.

//
//
//
//

3

Failure to file an amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff.  The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated:   10/13/2022

*Haywood S. Gilliam Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge