UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CURTIS TRAVIS,

    Plaintiff,

v.

J. GOMEZ, et al.,

    Defendants.

Case No. 22-cv-04199-HSG

**ORDER REQUIRING PLAINTIFF TO EFFECT SERVICE ON DEFENDANTS RAMERIZE AND D. RAMIREZ**

On or about July 19, 2022, Plaintiff, an inmate at Salinas Valley State Prison ("SVSP"), commenced this *pro se* action pursuant to 42 U.S.C. § 1983. On December 19, 2022, the Court screened the operative complaint and found that it stated cognizable Eighth Amendment claim against defendants SVSP correctional officers J. Gomez, Barnes, Ramerize, and Muniz and nurse D. Ramirez. Dkt. No. 25. The Court ordered service on Defendants pursuant to the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners in the CDCR's custody. *Id.* Pursuant to this program, on February 9, 2023, the CDCR filed a completed CDCR Report of E-Service Waiver advising the court that defendants Gomez, Barnes, and Muniz waived service of process without the need for service by the United States Marshal Service ("USMS") and that the CDCR could not identify defendants Ramirez and D. Ramirez. Dkt. No. 28.

A plaintiff who is incarcerated and proceeding *in forma pauperis* may rely on service by the Marshal, but such plaintiff "may not remain silent and do nothing to effectuate such service;" rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). Absent a showing of "good cause," a complaint pending for over

90 days is subject to dismissal without prejudice. *See* Fed. R. Civ. P. 4(m).

Plaintiff has not provided sufficient information to allow the Marshal to locate and serve defendants Ramerize and D. Ramirez, and the operative complaint was filed on November 7, 2022, Dkt. No. 22. Consequently, Plaintiff must remedy the situation or face dismissal of defendants Ramerize and D. Ramirez without prejudice. *See Walker v. Sumner*, 14 F.3d 1415, 1421–22 (9th Cir. 1994) (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service).

Accordingly, within twenty-eight (28) days of this order, Plaintiff must effect service on defendants Ramerize and D. Ramirez, or submit to the Court sufficient information to identify and locate defendants Ramerize and D. Ramirez such that the Marshal is able to effect service. **Failure to comply with the deadline set forth in this order will result in dismissal of defendants Ramerize and D. Ramirez without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.**

**IT IS SO ORDERED.**

Dated: 2/21/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge

2